**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



FILED

JUL 3 0 2024

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**GARY TEDERICK and LISA TEDERICK,
individually and on behalf of all others similarly
situated,**

        **Plaintiff,**

        **v.**                       **CIVIL ACTION NO. 2:22-cv-394**

**LOANCARE, LLC,**

        **Defendant.**

### *MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant LoanCare, LLC's Motion for Reconsideration of Memorandum Opinion and Order ECF No. 40. *See* Mot. Reconsideration, ECF No. 43. LoanCare asks the Court to reconsider its Order granting in part and dismissing in part LoanCare's Motion to Dismiss the Second Amended Complaint. *See* Mem. Op. & Order, ECF No. 40 ("Order"); *Tederick v. LoanCare, LLC*, No. 2:22-cv-394, 2024 WL 1223446 (E.D. Va. Mar. 21, 2024). Specifically, LoanCare asks the Court to dismiss the Tedericks' claims under the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-2-1422 *et seq.* ("WVCCPA"), in Count I of the Second Amended Complaint for failure to state a claim upon which relief can be granted. Upon review, the Court finds that a hearing on this Motion is unnecessary, and the matter is now ripe for judicial determination. *See* E.D. Va. Local Civ. R. 7(J). For the reasons stated herein, LoanCare's Motion for Reconsideration is **DENIED.**

1

## I.   PROCEDURAL HISTORY

On October 25, 2023, the Tedericks filed a Second Amended Complaint ("SAC"). Second Am. Compl., ECF No. 30 ("SAC"). On November 8, 2023, LoanCare filed a Motion to Dismiss the SAC under Rule 12(b)(6). Mot. Dismiss SAC, ECF No. 31. On March 21, 2024, the Court granted the Motion to Dismiss on Counts II (Unjust Enrichment) and Count III (Conversion) and denied it on Count I (WVCCPA Claims). *See* Order at 1.

On April 15, 2024, LoanCare filed the Motion for Reconsideration, a Declaration from Edith Tharpe containing two exhibits, and a Memorandum in Support of the Motion. *See* ECF No. 43; ECF No. 44 ("Fourth Tharpe Decl."); ECF No. 45 ("Def.'s Mem. Supp."). The Tedericks filed a Response in Opposition on April 29, 2024. ECF No. 46. LoanCare replied on May 6, 2024. ECF No. 47 ("Def.'s Reply").

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) authorizes district courts to reconsider or revise interlocutory orders before final judgment. Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims . . .does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ."); *see Perry-Bey v. City of Norfolk*, 678 F. Supp. 2d 348, 374 (E.D. Va. 2009). "The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). The power to reconsider an interlocutory order "is committed to the discretion of the district court." *Id.* at 515.

A district court has greater flexibility to reconsider an interlocutory order under Rule 54(b) than a final judgment under Rules 59(e) or 60(b). *See id.* at 514–15; *Matter of Vulcan Constr. Materials, LLC*, 433 F. Supp. 3d 816, 819–20 (E.D. Va. 2019). But district courts are still guided

by the general principles of Rule 59(e) and may consider the following factors on reconsideration under Rule 54(b): "(1) an intervening change in controlling law, (2) the emergence of evidence not previously available, and (3) the correction of a clear error of law or the preservation of manifest injustice." *Herndon v. Alutiiq Educ. & Training, LLC*, No. 2:16cv72, 2016 WL 9450428, at *2 (E.D. Va. Aug. 15, 2016) (quoting *Power Paragon, Inc. v. Precision Tech. USA, Inc.*, No. 2:08cv222, 2008 U.S. Dist. LEXIS 109720, at *2 (E.D. Va. Dec. 18, 2008)); *see Vulcan Constr. Materials*, 433 F. Supp. 3d at 820. Reconsideration may also be appropriate where "the court has 'patently misunderstood a party,' [or] has 'made a decision outside the adversarial issues presented to the Court.'" *First Am. Title Ins. Co. v. Chesapeake Holdings GSG, LLC*, 633 F. Supp. 3d 789, 804 (E.D. Va. 2022) (quoting *Glenn v. Inland Container Corp.*, No. 3:92CV27, 1992 WL 521517, at *1 (E.D. Va. May 13, 1992)); *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because such problems rarely arise, however, motions to reconsider should be equally rare." *First Am. Title*, 633 F. Supp. 3d at 804 (internal quotation and alteration omitted). "Mere disagreement with a court's application of the law does not support a motion for reconsideration." *Power Paragon*, 2008 U.S. Dist. LEXIS 109720, at *2; *see also Nadendla v. WakeMed*, 24 F.4th 299, 304 (4th Cir. 2022) ("[A]llowing litigants a 'second bite at the apple' via a motion to reconsider is disfavored.").

### III.   DISCUSSION

LoanCare argues the Court made two clear legal errors in the Order on LoanCare's Motion to Dismiss the Second Amended Complaint. Def.'s Mem. Supp. at 1; Def.'s Reply at 1.[1]

---

[1] LoanCare does not claim that an intervening change in controlling law, new evidence, the Court's misunderstanding, or a decision on an issue outside the dispute warrant reconsideration. *See Herndon*, 2016 WL 9450428, at *2; *First Am. Title*, 633 F. Supp. 3d at 804. The Court likewise finds no basis to reconsider its Order on the Second Motion to Dismiss on these grounds.

**A.    The *Rice* and *Perrine* Cases**

First, LoanCare argues that the Court erred by failing to hold that the Tedericks cannot state a claim for fraud based on allegedly false monthly billing statements based on two cases: *Rice v. Green Tree Servicing, LLC*, No. 3:14-CV-93, 2015 WL 5443708 (N.D. W. Va. Sept. 15, 2015), and *Perrine v. Branch Banking & Trust Co.*, No. 2:17-cv-70(Bailey), 2018 WL 11372226 (N.D. W. Va. Sept. 25, 2018). *See* Def.'s Mem. Supp. at 2–6. Both *Rice* and *Perrine* held on summary judgment that the defendants did not make "false representation[s]" to the plaintiffs under the WVCCPA in allegedly incorrect monthly billing statements. *Rice*, 2015 WL 5443708, at *12; *Perrine*, 2018 WL 11372226, at *5. Both courts reasoned that because the defendants sent those statements "in an effort to comply with federal and state law," their actions were not fraudulent, deceptive, or misleading under W. Va. Code § 46A-2-127. *Rice*, 2015 WL 5443708, at *12; *Perrine*, 2018 WL 11372226, at *5. LoanCare argued in its Motion to Dismiss that these cases mandate dismissal of the Tedericks' fraud-based claims under the WVCCPA. Def.'s Mem. Supp. Mot. Dismiss SAC 17–18, ECF No. 32.

This Court declined to hold that monthly billing statements cannot form the basis of a fraud claim under W. Va. Code § 46A-2-127(d) based on *Rice* and *Perrine*. *See* Order at 23–25. The Court explained that *Rice* and *Perrine* were distinguishable because they "were decided on summary judgment and rested on facts gathered through discovery, including the facts surrounding their legal obligations and good faith efforts to comply with the law." *Id.* at 25 (emphasis added). The Court noted that LoanCare had not claimed it had any legal obligation to send monthly billing statements. *Id.* at 25. The Court also explained that LoanCare appeared aware of the facts surrounding the Tedericks' fraud claim and had ample prediscovery evidence. *See id.*; *see also* Fourth Tharpe Decl. & Exs. 1–2, ECF Nos. 44–44-2. LoanCare maintains that *Rice* and *Perrine*

4

establish that monthly billing statements cannot constitute false statements or form the basis of fraudulent, misleading, or deceptive conduct as a matter of law. *See* Def.'s Mem. Supp. at 2–6; Def.'s Reply at 5; *see also* Order at 23.

Two unreported, out-of-district, federal district court cases decided on summary judgment do not bind this Court in deciding a motion to dismiss. That alone means this Court committed no clear legal error by refusing to dismiss Plaintiffs' WVCCPA fraud claim based on *Rice* and *Perrine*. LoanCare's effort to show that it sent the Tedericks monthly billing statements pursuant to various federal legal requirements also does not turn *Rice* and *Perrine* into binding law. LoanCare argues that the monthly billing statements and payoff statement it sent "do not demand anything," including undue interest, because they simply state amounts owed or paid. *See* Def.'s Mem. Supp. at 4–5; Fourth Tharpe Decl. Exs. 1–2. Yet regardless of whether LoanCare sent the statements voluntarily or as required by law, the Tedericks have already plausibly alleged "that the monthly statements are a 'false representation . . . of the character, extent or amount of a claim against' them" in violation of W. Va. Code § 46A-2-127(d). Order at 25; *see id.* at 14–18. The monthly statements report the "Outstanding Principal Balance" and other information about the "character, extent or amount" of the Tedericks' loan. *See, e.g.*, Fourth Tharpe Decl. Ex. 1 at 2.

*Rice* and *Perrine* do not definitively preclude the WVCCPA's fraudulent or unfair or unconscionable debt collection provisions from applying when a defendant complies with or reasonably interprets federal law. Therefore, the Court made no "clear legal error" by declining to hold that these distinct, nonbinding cases foreclose Plaintiffs' WVCCPA claims at the Motion to Dismiss stage.

**B.      Right of Action under the WVCCPA**

Second, LoanCare argues that the Court committed "clear legal error" when holding that the WVCCPA gives the Tedericks a right of action to sue LoanCare. *See* Order at 20. The Tedericks claim that LoanCare violated the Fannie Mae Servicing Guidelines ("Guidelines") when misapplying their loan payments, but LoanCare argues that the WVCCPA does not provide a right of action for their Guideline-based claims. *See* Order at 19–20; Def.'s Mem. Supp. at 6–10. And because the Guidelines give the Tedericks no right of action, *see* Order at 19, LoanCare argues that the Tedericks cannot state a valid claim for alleged Guideline violations. *See* Def.'s Mem. Supp. at 6–10.

LoanCare identifies no clear legal error, but again disagrees with the Court's holding. To begin, the purpose of the WVCCPA "is to protect consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action." *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 461 S.E.2d 516, 523 (W. Va. 1995). The Supreme Court of Appeals of West Virginia instructs courts to construe the WVCCPA liberally to effectuate its remedial purpose. *See State ex rel. Morrisey v. Diocese of Wheeling-Charleston*, 851 S.E.2d 755, 762 (W. Va. 2020); *Fleet v. Webber Springs Owners Ass'n, Inc.*, 772 S.E.2d 369, 377 (W. Va. 2015); *Barr v. NCB Mgmt. Servs., Inc.*, 711 S.E.2d 577, 583 (W. Va. 2011).

Just because the Tedericks allege violations of the Fannie Mae Guidelines does not mean they do not allege violations of the WVCCPA. Again, the Tedericks have plausibly alleged "that the monthly statements are a 'false representation . . . of the character, extent or amount of a claim against' them." Order at 25 (quoting W. Va. Code § 46A-2-127(d)). They also plausibly allege that Loancare collected or attempted to collect "any interest or other charge, fee or expense

incidental to the principal obligation . . . [that is not] expressly authorized by the agreement creating or modifying the obligation and by statute or regulation." W. Va. Code § 46A-2-128(d); *see* Mem. Op. & Order on First Motion to Dismiss at 25–26, ECF No. 25. If true, those are actionable violations of the WVCCPA's terms. W. Va. Code § 46A-5-101; *see* Order at 20. The Court thus made no clear legal error in holding that the Tedericks have a right of action under the WVCCPA.

### IV.     CONCLUSION

For the foregoing reasons, LoanCare's Motion for Reconsideration (ECF No. 40) is **DENIED**. The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 30, 2024

Raymond A. Jackson
United States District Judge