UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

GARY TEDERICK and LISA TEDERICK,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.                                             Case No.: 2:22-cv-394

LOANCARE, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On the eve of trial,[1] the Court is confronted with another dispute between the parties, this time, Plaintiffs Gary and Lisa Tederick's Motion for Discovery Sanctions, ECF Nos. 99-100. By their Motion, Plaintiffs contend that Defendant LoanCare, LLC violated the Court's previous Order, ECF Nos. 91, 93, (together, the "Production Order"), granting Plaintiffs' Motion to Compel Discovery Responses, ECF No. 69.[2] Because of impending deadlines in the case, including a late-scheduled settlement conference before the undersigned, the Court ordered expedited briefing. ECF No. 104. LoanCare has responded, ECF No. 107, and Plaintiffs have replied, ECF No. 108. Because the issues are adequately addressed in the pleadings, and because time is short, the Court decides the Motion without a hearing pursuant to Fed. R. Civ. P. 78(b) and Eastern District of Virginia Local Civil Rule 7(J).

---

[1] Trial is scheduled to begin January 22, 2025.

[2] Because the parties delayed so long in bringing this discovery dispute to the Court, ECF No. 93 at 3-13, the Court issued its ruling on the record and incorporated those rulings by reference in a short, written Order, ECF No. 91.

"If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Those further orders include potential sanctions set forth in Fed. R. Civ. P. 37(b)(2)(A)(i-vii), as well as the payment of "reasonable expenses, including attorney's fees, caused by the failure [to obey the Court Order], unless the failure was substantially justified or other circumstances make an award of expenses unjust" pursuant to Rule 37(b)(2)(C). For the following reasons, the Court **FINDS** that LoanCare has failed to comply with the Court's Production Order, and that its failure to do so was not substantially justified. However, given the circumstances in which this Motion was presented to the undersigned immediately before a settlement conference scheduled for January 10, 2025, the Court must take the remainder of the Motion **UNDER ADVISEMENT** for determination of what, if any, sanctions are appropriate.

*Background of the Dispute and Findings*

At a hearing held on December 13, 2024, the Court resolved on the record a number of discovery disputes concerning LoanCare's responses to interrogatories and requests for production of documents. ECF Nos. 91, 93. Or so it thought. As pertinent to the instant Motion for Sanctions, the Court overruled LoanCare's objections to interrogatories 3 and 4, and directed LoanCare to supplement its responses. Interrogatory 3 asked LoanCare to identify those loans it asserted cannot be included in the proposed class and provide a detailed explanation as to the basis for that determination. ECF No. 100, attach. 2 at 6. Interrogatory 4 asked LoanCare to identify and describe the total number of loans where the terms and conditions differed materially from Fannie Mae and Freddie Mac uniform instruments, and describe those key differences. *Id.* at 15. Specifically with respect to interrogatory 4, the Court ruled as follows:

> With respect to interrogatory number 4, I'll give you a choice, Ms. Calderas. You can either agree that those samples that you produced are representative, or if you

> don't want to adopt that position, then you're required to go through and answer the question specifically. So, it's your choice. You can assume the burden, or you can agree they're representative.

ECF No. 93 at 38.

As ordered, LoanCare issued supplemental responses to these interrogatories on December 20, 2024. ECF No. 100, attach. 2. Plaintiffs contend that in submitting these responses, Defendant violated the Court's Production Order in three ways: (1) by refusing to withdraw its objections; (2) by failing to provide a "detailed explanation" as to why certain loans fell outside the proposed class as sought in interrogatory 3; and (3) by failing to either answer interrogatory 4 specifically as to each loan encompassed in the proposed class, or agree that the loans previously produced were representative. ECF No. 100 at 3-4.

LoanCare contends that it fully answered interrogatory 3, and satisfied its obligation with respect to interrogatory 4 by producing the Notes or Deeds of Trust to the 4,936 loans potentially encompassed by the proposed class, and, relying on Fed. R. Civ. P. 33(d), directing Plaintiffs to review the documents for themselves to determine the answer to the interrogatory. ECF No. 107 at 3-5, 15-20. LoanCare further contends that it continued its objections, answering the interrogatories "without waiving" them, because it needed to preserve the objections for a possible appeal.[3] *Id.* at 11-13.

Plaintiffs' Reply noted that LoanCare, by its opposition memorandum, provided more information in response to interrogatory 3 that should have been included in its supplemental responses. ECF No. 108 at 8-9. With respect to interrogatory 4, they challenge LoanCare's reliance on Fed. R. Civ. P. 33(d) as being beyond the scope of the Court's Order requiring a response to the interrogatory in one of two ways. *Id.* at 9-11. Finally, Plaintiffs challenge

---

[3] LoanCare raised other defenses to the sanctions motion that will be dealt with summarily, *infra*.

3

LoanCare's conduct in reasserting objections that have been specifically overruled.[4] *Id.* at 6-8. The Court addresses the three disputes in turn.

*Interrogatory 3*

After LoanCare's objections to interrogatory 3 were overruled, LoanCare was ordered to supplement its responses by, *inter alia*, providing a detailed explanation as to why the loans it identified could not be included in the proposed class. LoanCare specifically identified a series of loans that might not be covered by the proposed class because the borrower may not be a "natural person." ECF No. 100, attach. 2 at 8-12. It provided a limited explanation that some of the identified loans might be held by a bankruptcy estate, but did not explain why other of the loans identified also might not be held by a "natural person."[5] *Id.* Only in their opposition to the Motion for Sanctions did LoanCare provide additional explanation that the other identified loans may not be held by a natural person because the borrowers' names reflected an estate as opposed to a living person. ECF No. 107 at 15. This is information that should have been provided in an attested interrogatory answer, not in a lawyer's briefing.[6] It was not so provided, and still has not. Accordingly, the Court **FINDS** that LoanCare has violated the Production Order regarding its response to Interrogatory 3.

---

[4] Plaintiffs responded to LoanCare's additional arguments in their Reply. *See* n.3, *supra*.

[5] LoanCare also argued that the question was improper because it referred to loans being in the proposed class instead of persons, i.e., the individuals who hold the loans. *Id.* at 7-8. If this was a serious point of confusion or ambiguity in the mind of defense counsel, it should have been addressed at the very first meet and confer session in October. LoanCare's quibbling over semantics, especially at this late stage in the dispute, and in the case, appears to the Court to be nothing more than gamesmanship.

[6] LoanCare, in its opposition memorandum, identifies where it had previously asserted that some of the loans have bankruptcy or probate estates, or are for trusts, citing its briefing on its class certification opposition. ECF No. 107 at 15. Again, a lawyer's briefing, especially in an unrelated pleading, is not an attested interrogatory answer.

4

*Interrogatory 4*

LoanCare has contended in this litigation that there are material differences in the types of loans and in the instruments used for documenting loans. *See, e.g.,* ECF No. 93 at 27. Interrogatory 4 consequently asked LoanCare to identify and describe the total number of loans where the terms and conditions differed materially from the Fannie Mae and Freddie Mac uniform instruments used for the proposed class members' loans, and to describe the key differences in the loan agreements. ECF No. 100, attach. 2 at 15. LoanCare had previously produced documentation from several different loans to illustrate some of those differences. At the hearing, after narrowing the question to include only loans involving West Virginia property,[7] the Court offered LoanCare a choice: either stipulate that the sample loans it provided were representative of the key differences, or go through the 4,936 loans at issue "and answer the question specifically." ECF No. 93 at 38. LoanCare, however, chose to do neither, but instead produced documentation from the loans at issue and, relying on Fed. R. Civ. P. 33(d), in effect told Plaintiffs—three weeks before trial—to do it themselves.

Ordinarily, in answering an interrogatory, a party is entitled to rely on Rule 33(d) and refer a party to documents it has produced as its answer "if the burden of deriving or ascertaining the answer will be substantially the same for either party…" Fed. R. Civ. P. 33(d) Here, however, the burden of ascertaining the answer is not substantially the same for both parties. LoanCare has known for months what Plaintiffs contended was the proposed class in this litigation. While it fiercely disputes that any class is appropriate, and that Plaintiffs do not even possess their own

---

[7] The dispute that Plaintiffs' interrogatories were overbroad because LoanCare services over a million loans nationwide was totally unnecessary, and could have and should have been resolved by an agreement that, since only a violation a West Virginia statute is at issue in the litigation, only loans involving West Virginia properties were relevant in discovery. Why that simple understanding was not reached frankly is mystifying to the Court.

meritorious claim, its position does not give them license to avoid discovery and disobey Court orders. These interrogatories were propounded in September, and LoanCare resisted responding to interrogatory 4 for months. LoanCare was certainly entitled to stand on its position through objections, meet and confer negotiations, briefing on the motion to compel, and advocating its position at the hearing. But, once the Court ruled, absent an objection to the District Judge within fourteen days pursuant to Fed. R. Civ. P. 72, <u>and</u> a corresponding stay of the undersigned's Order, LoanCare was no longer justified in continuing its opposition. At the same time, LoanCare persisted in its reliance on questionable arguments—that the question demanded information on over a million loans, that Plaintiffs were not entitled to discovery[8] because they were not entitled to pursue a class action—knowing that the trial date was rapidly approaching. That it now finds it would be burdensome for them to answer the interrogatory specifically as directed by the Court was a risk it invited by the barriers it put up to discovery. LoanCare had a choice of how to respond to this interrogatory, and reliance on Rule 33(d) following their belated production of documents was not one of them given the timing of this dispute so close to trial. Accordingly, the Court **FINDS** that LoanCare has violated the Court's Production Order in responding to interrogatory 4.

*Continued assertion of objections*

Procedurally, LoanCare's continued assertion of objections which have been overruled—and not reversed by the District Judge—was improper. As far as the Court is concerned, reasserting overruled objections suggests defiance of a Court Order and potential withholding of information based on the objection. Pragmatically, however, LoanCare's reassertion of its objections is of little practical effect, since presumably the information sought by the interrogatory

---

[8] LoanCare continually objected to any discovery on the proposed class by repeatedly asserting the position that it was Plaintiffs' burden to prove a class should be certified, and without such proof, they were not entitled to discovery. Of course, without such discovery, Plaintiffs may be hard-pressed to prove class certification in the first place.

has now been disclosed. Any appeal to the Fourth Circuit would undoubtedly be mooted by the production, if not already waived by LoanCare's failure to timely assert a Rule 72 appeal to the District Judge. LoanCare of course remains free to object to the use of such disclosed information at trial.

However, two concerns remain. First, to the extent Plaintiffs wish to use an interrogatory response at trial, effective use is hampered by LoanCare's inclusion of the objections in its answers. *See* ECF No. 100, attach. 2 at 1-32. Second, Plaintiffs rightly raise the concern that, by reasserting its objections, LoanCare may be potentially withholding responsive information based on those objections. ECF No. 100 at 6. In their opposition memorandum, they assert they have not done so. ECF No. 107 at 12. Both concerns might be mitigated by requiring LoanCare to resubmit its answers to interrogatories without the aforementioned objections, and by its assertion in those answers that no information is being withheld based on those objections. That, however, is a decision that should be left to the Judge who ultimately resolves the issue of sanctions.

*LoanCare's Other Defenses to the Sanctions Motion*

LoanCare raised additional defenses to Plaintiffs' Motion for Sanctions which the Court now addresses. First, LoanCare complains that Plaintiffs failed to meet and confer before filing their Motion in violation of Eastern District of Virginia Local Civil Rule 37(E). *Id.* at 6-7. Fed. R. Civ. P. 37(a)(1) requires a party to provide a certification that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Plaintiffs did so before filing their Motion to Compel. ECF No. 70 at 3-5. Rule 37(b)(2) then provides that if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Rule 37(b)(2) does not contain the same requirement as Rule 37(a)

that the complaining party first certify that it has attempted to meet and confer to avoid court action. Court action has already been invoked, and it is then compliance with the Court's Order that is at stake when a party willfully disobeys that Order. Read in this context, Local Civil Rule 37(E)'s requirement of in-person or telephonic consultation among counsel before filing a discovery motion can readily be seen to be applicable *before* the Court is forced to become involved, not afterwards. In any event, even if another telephonic or in-person meet and confer session were somehow required, LoanCare's consistent disinclination to negotiate and compromise, and its oft-times assertion of specious arguments, leave the Court with no doubt that such a consultation would have been fruitless.

Second, LoanCare contends that Plaintiffs misstate the applicable standard the Court should apply in determining sanctions under Rule 37(b)(2). ECF No. 107 at 9-10. Plaintiffs disagree, of course. ECF No. 108 at 4-5. The Court is quite capable of determining the correct legal standard in this regard, and the parties can be assured that it will do so.

Third, LoanCare asserts that Lisa Tedrick in deposition conceded that there was no basis to her claim. ECF No. 107 at 7-8. Plaintiffs, of course, dispute that any such concessions were made, and that LoanCare has misrepresented her testimony. ECF No. 108 at 13-14. Apart from the fact that LoanCare's representations of this Plaintiff's testimony—without actually including the testimony itself—are wholly irrelevant to its obligations to adhere to the Court's Production Order, LoanCare's attempt to use any such testimony, even if accurate, to justify its refusal to obey a Court Order is simply nonsensical. The Court ordered LoanCare to supplement its discovery responses and has found it did not do so as directed. Loan Care is merely rearguing the notion that it should not have to comply with the propounded discovery because the merits of the case favor

it. Plaintiff's opinion as to the merits of her case, whatever they are, do not justify LoanCare's disobedience, and such an argument is completely without merit.

*The Question of Sanctions*

Once the Court has determined that its Order has been violated, the Court must determine what, if any, sanctions are appropriate under the relevant legal standards. The undersigned has endeavored to resolve this dispute as promptly as possible. However, because this dispute was brought so late to the Court, little time remains to resolve it prior to the undersigned's pending recusal following the settlement conference. Importantly, despite being directed on July 8, 2024, in the Rule 16(b) Scheduling Order to set this case for a settlement conference before the undersigned on or before the Final Pretrial Conference date of January 10, 2025, the parties waited until the end of December to contact the chambers of the undersigned to schedule the conference. *See* ECF No. 51 at ¶ 12. The instant Motion was filed on December 31, 2024, leaving very little time to resolve it despite the expedited briefing ordered by the Court. The practice in this Division is for Magistrate Judges to recuse from cases once they have engaged in ex parte communications with litigants, first by review of the parties' private settlement memoranda, and then by participation in the mediation. The Court deliberately pushed back the deadline to submit settlement memoranda to give it sufficient time to make the findings necessary to determine if its Production Order had been violated so that the question of sanctions could be decided. Having dealt with the underlying discovery dispute and issued the resulting Production Order, the undersigned was in the best position to determine whether its Order had been violated. Now, because time has run out, the question of potential sanctions will be deferred, to be resolved either by the Magistrate Judge who is assigned to this case after the mediation, or by the District Judge.

The Court is confident that either Judge in this circumstance will be well-situated to resolve this question.[9]

The Clerk is **DIRECTED** to forward this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
January 8, 2025

---

[9] Through this opinion the Court has noted some of the measures it would consider appropriate to, at least partially, remedy LoanCare's violations of the Court's Production Order, including requiring it to supplement interrogatory 3 as suggested, specifically identify the key differences in loan agreements as directed in interrogatory 4 (or stipulate that the loan documents initially provided are representative), and supplement all responses without reasserting overruled objections. LoanCare might be well-advised to take corrective measures before the Magistrate Judge or District Judge decides on potential sanctions.